UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL SULLIVAN,

        Petitioner,

v.

        Case No. 2:21-cv-11448
        Hon. Sean F. Cox

BRYAN MORRISON,

        Respondent.
_____/

**ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Michigan prisoner Earl Sullivan is serving a life sentence for his 1978 Recorder's Court for the City of Detroit first-degree murder conviction. This is Petitioner's third federal habeas petition challenging his state court conviction. *See Sullivan v. Koehler*, 85-CV-73320 (E.D. Mich. July 30, 1986); aff'd, 818 F. 2d 867 (Table); 1987 WL 37439 (6th Cir. May 21, 1987); *Sullivan v. Pitcher*, 1:96-CV-00032 (W.D. Mich. May 4, 1998); appeal dism. 98-1939 (6th Cir. Nov. 25, 1998); *Sullivan v. Sherry*, 2:07-CV-11667 (E.D. Mich. April 25, 2007) (transferring successive petition to Sixth Circuit).

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, an individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016)

1

(citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. See 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner claims that the current action does not constitute a successive habeas petition because on May 30, 2017, the trial court amended his judgment of sentence to reflect a conviction for second-degree murder instead of first-degree murder. (Petition, ECF No. 1, PageID.3-4.) This made Petitioner immediately eligible for parole, and on February 1, 2018, the prosecutor was informed that a parole hearing would be held. Thereafter, according to Petitioner, the prosecutor filed a motion in the trial court to reinstate the original judgment of sentence, asserting the trial court had erroneously amended the judgment of sentence. (id., PageID.4.) Petitioner admits that the trial court granted the prosecutor's motion and reinstated his original sentence. Petitioner claims that he is entitled to habeas relief because the prosecutor's motion was untimely.

If Petitioner was being held under the authority of the 2017 amended judgment of sentence, there would be merit to his argument that his petition is not a successive one. In *King v. Morgan*, 807 F.3d 154, 157-60 (6th Cir. 2015), the Sixth Circuit held that a habeas petition that challenges a new state-court sentence that is imposed after resentencing and which leads to a new judgment does not count as "second or successive" habeas petition for purposes of § 2244(b)(3)(A), even if the petitioner previously filed a petition to challenge the original sentence and even if he raised or could have raised the same claims in the earlier petition. *See also Magwood v. Patterson*, 561 U.S. 320 (2010).

Petitioner, however, is not in custody as a result of the amended judgment of sentence. He is still being held by virtue of his original 1978 sentence, which was reinstated by the trial court.

Both the trial court docket sheet and the Michigan Department of Corrections website confirm that Petitioner is serving his 1978 life sentence.[1] The fact that the trial court temporarily amended the judgment of sentence and then reinstated the original sentence may constitute a previously unavailable factual predicate to a claim regarding the propriety of the reinstatement. See 28 U.S.C. § 2244(b)(2)(B). But whether that development constitutes a sufficient basis for authorizing a successive habeas proceeding is a question this Court may not consider until after Petitioner first obtains authorization from the Court of Appeals. See § 2244(b)(3).

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

**SO ORDERED**.

Dated: July 8, 2021

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

---

[1] See https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=287525 and https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=156184. The Court takes judicial notice of the Wayne Circuit Court docket sheet and the Michigan Department of Corrections online record. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005).