UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL SULLIVAN,

                Petitioner,           Case 2:21-cv-11448
                                                Hon. Sean F. Cox

v.

BRYAN MORRISON,

                Respondent.

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS, (2) DENYING CERTIFICATE OF APPEALABILITY, (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS, AND (4) DENYING PETITIONER'S PENDING MOTIONS AS MOOT**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. In 1978, Earl Sullivan was convicted after a jury trial in the Detroit Recorder's Court of first-degree murder and felony-firearm. The trial court sentenced Sullivan to mandatory life imprisonment. Over the following decades, Sullivan filed numerous unsuccessful challenges to his conviction. *See In re Sullivan*, No. 15-2106, *1-2 (6th Cir. Feb. 25, 2016)(listing Sullivan's prior appeals).

On May 30, 2017, the trial court amended Sullivan's judgment to indicate a conviction for second-degree murder.[1] This made Sullivan immediately eligible for

---

[1] In 2015, Sullivan asserted in a motion for permission to file successive habeas petition that he was only arraigned and charged with second-degree murder, not first-

parole. Before the parole board could act, however, the prosecutor alerted the trial court to the error, and on February 14, 2018, the court reinstated the original judgment.

Sullivan's central claim in this action is that the trial court was without jurisdiction to reinstate his mandatory life sentence, and he is constitutionally entitled to enforcement of whatever clerical error occurred in the trial court in 2017 that resulted in the amended judgment.

Before the Court is Respondent's motion to dismiss, asserting that Sullivan's habeas petition was untimely filed under 28 U.S.C. § 2244(d).

## I.

As indicated, Sullivan's conviction, direct appeal, multiple petitions for state post-conviction review, and prior bids at federal habeas relief all occurred prior to the events relevant to this action. The events relevant to the present habeas petition begin with the May 30, 2017, amendment to Sullivan's judgment of sentence. On motion by the prosecutor, on February 14, 2018, the trial court reinstated the original judgment of sentence. (ECF No. 9-3.) Petitioner was notified of the reinstatement no

---

degree murder. The Sixth Circuit rejected the allegation, and it noted that the Recorder's Court Journal indicated that a motion to add a count of first-degree murder was granted, and that the trial transcript revealed that the jury found him guilty of first-degree murder. *Sullivan*, No. 15-2106, *2, n. 1. Petitioner subsequently sent letters to the trial court, requesting it to check its records and suggesting an error in his original judgment. (ECF No. 9-6, PageID.177.) The erroneous amended judgment was entered shortly thereafter. (*Id.*, PageID.179.)

2

later than February 21, 2018, when the Parole Board informed him that he was no longer eligible for consideration. (ECF No. 9-6, PageID.189.)

Sullivan did not file a direct appeal from the reinstated judgment, nor did he file a post-conviction motion in the trial court. Rather, he waited until January 22, 2020, when he filed a petition for writ of habeas corpus in the Ionia Circuit Court. (ECF No. 9-2.) On February 21, 2020, the trial court denied the petition. (*Id.*) Sullivan appealed the order by filing a habeas petition in the Michigan Court of Appeals, but it was denied on June 22, 2022. (ECF No. 9-6, PageID.115.) Sullivan then filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by standard form order on January 22, 2021. (ECF No. 9-9, PageID.260.) Sullivan thereafter never attempted to file a motion for relief from judgment in the trial court challenging the reinstatement of his original judgment.

Sullivan dated the present habeas petition on June 3, 2021, and it was filed by the Court on June 7, 2021. (ECF No. 1.)

## II.

Though Respondent styles the motion as a motion to dismiss, it is properly construed as one of summary judgment because the motion and the record before the Court includes documents outside of the pleadings. *See Anderson v. Place*, 2017 WL 1549763, *6 (E.D. Mich. May 1, 2017). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment

as a matter of law. In considering a motion for summary judgment, the court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This standard of review may be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### III.

There is a one-year statute of limitation for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the most common starting point, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The other possible starting point for the limitations period applicable to the present petition is the date the factual predicate to the claims could have been discovered with due diligence. § 2244(d)(1)(D).

Sullivan's reinstated judgment became final for purposes of the statute of limitations on August 14, 2018, six months after it was entered – that was the deadline for filing an application for leave to appeal in the Michigan Court of Appeals from the order reinstating the judgment. *See* Mich. Ct. R. 7.205(F)(3). Meanwhile, Sullivan was informed by the Parole Board of the reinstated judgment on February 21, 2018. He was also served with a copy of the reinstated judgment by the trial court. Accordingly, the date the reinstated judgment became final under §

4

2244(d)(1)(A), August 14, 2018, provides the later and more favorable starting date for Sullivan.

The period of limitations therefore started running the next day, August 15, 2018, and it expired one year later, on August 15, 2019. Because Sullivan did not commence this action until June 3, 2021, his petition was filed almost two years after expiration of the limitations period. The petition was therefore untimely unless Sullivan can establish a basis for tolling the statue of limitations.

Sullivan's state court habeas petitions did not toll the limitations period. The limitations period is tolled "during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 562 U.S. 545, 550-551 (2011)(quoting 28 U.S.C. § 2244(d)(2)). But Sullivan did not file his first state habeas petition challenging the reinstatement of his original judgment until January 22, 2020. That was about five months after the statute of limitations had already expired. A petition for state post-conviction review does not toll the limitations period where it has already expired. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006)(stating that a properly filed post-conviction motion tolls the limitations period, but it does not "restart" a limitations period that has already run).

Furthermore, a state habeas petition is not the appropriate procedural vehicle for challenging the validity of a judgment of sentence under state law. Post-

conviction review in Michigan is instead properly sought by way of a motion for relief from judgment under Michigan Court Rule 6.501. *See Kenney v. Booker*, 830 N.W.2d 382, 383 (Mich. 2013). State habeas petitions do not toll the limitations period. *See Dickens v. Chapman*, 2018 WL 2009553, at *3-5 (E.D. Mich. Apr. 30, 2018).

Sullivan asserts that he is entitled to equitable tolling because the COVID pandemic and the resulting restrictions placed upon prisoners in the Michigan Department of Corrections impacted his ability to prepare and file pleadings. Federal courts may equitably toll the limitations period where exceptional circumstances are present. *Holland v. Florida*, 560 U.S. 631, 651-52 (2010). To be entitled to equitable tolling, however, a habeas petitioner must demonstrate a causal link between the extraordinary circumstance and his untimely filing. *See Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010). The impact of COVID was not felt in Michigan until March or April of 2020, well after the limitations period had already expired. There is no causal link between COVID and Sullivan's late filing.

Finally, Sullivan suggests that the statute of limitations does not apply because the reinstated judgment is simply "void" and unenforceable. The Sixth Circuit has rejected the argument that a federal habeas petition attacking a supposedly void or invalid state-court judgment is exempt from § 2244(d)(1). *See Mackey v. Warden,*

6

*Lebanon Corr. Ctr.*, 525 F. App'x 357, 361-62 (6th Cir.2013); *Frazier v. Moore*, 252 F. App'x 1, 5–6 (6th Cir.2007).

Accordingly, because the habeas petition was filed after the expiration of the statute of limitations, and because Sullivan fails to demonstrate entitlement to equitable tolling, the motion to dismiss will be granted.

### IV.

Sullivan also has filed motions for appointment of counsel and to compel Respondent to file a responsive pleading addressing the merits of his claims. Because the petition will be denied for failure to comply with the statute of limitations, these motions are denied as moot.

### V.

After a federal Court denies a habeas petition, it must determine whether the habeas petitioner is entitled to a certificate of appealability. Here, jurists of reason would not debate the Court's conclusion that the petition is subject to dismissal under the statute of limitations. Sullivan is therefore not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

The Court also finds that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Therefore, permission to appeal in forma pauperis will likewise be denied.

## VI.

For these reasons, the Court 1) **DISMISSES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, 3) **DENIES** permission to appeal in forma pauperis, and 4) **DENIES** Sullivan's pending motions.

**SO ORDERED.**

Dated: September 23, 2022           s/Sean F. Cox
                                    Sean F. Cox
                                    U. S. District Judge